# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| INGENIOSPEC, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>BOSE CORPORATION,<br><br>       Defendant. | Civil No. 2:24-CV-00822-JRG |

## DEFENDANT BOSE CORPORATION'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER FEDERAL RULE 12(b)(3)

**TABLE OF CONTENTS**

*Page*

I.     INTRODUCTION ........................................................................................................1

II.    STATEMENT OF ISSUES TO BE DECIDED ...................................................................1

III.   FACTUAL BACKGROUND ............................................................................................2

      A.     Bose.............................................................................................................2

      B.     Plaintiff's Complaint....................................................................................2

IV.    LEGAL STANDARDS ...................................................................................................4

V.     THIS CASE MUST BE DISMISSED FOR IMPROPER VENUE.....................................5

      A.     Bose Does Not "Reside" in the Eastern District of Texas. .......................5

      B.     Bose Does Not Have a "Regular and Established Place of Business" in the
           Eastern District of Texas...........................................................................5

           i.     The Complaint Relies on Stores that Closed Years Ago. ............................6

           ii.    "Authorized sellers and sales representatives that offer and sell
               products . . . through the State of Texas" Are Not "Regular and
               Established" Places of Business or "Physical Places" of Bose...................6

VI.    CONCLUSION............................................................................................................10

# TABLE OF AUTHORITIES

***Cases***                                                                                                  ***Pages(s)***

*Ambraco, Inc. v. Bossclip B.V.*,
　　570 F.3d 233 (5th Cir. 2009) ..................................................................................................5

*AptusTech LLC v. Trimfoot Co., LLC*,
　　No. 4:19-cv-00133, 2020 U.S. Dist. LEXIS 42712 (E.D. Tex. Mar. 12, 2020) ......4, 7, 8, 9

*EMED Techs. Corp. v. Repro-Med Sys.*,
　　No. 2:17-CV-728, 2018 U.S. Dist. LEXIS 93658 (E.D. Tex. June 4, 2018)........................7

*Inhale, Inc. v. Gravitron*,
　　No. CV 18-3883, 2018 U.S. Dist. LEXIS 227069 (C.D. Cal. Sep. 5, 2018)....................7, 8

*In re Cray*,
　　871 F.3d 1355 (Fed. Cir. 2017).........................................................................1, 4, 5, 6, 7

*In re Google*,
　　949 F.3d 1338 (Fed. Cir. 2020)...........................................................................................8, 9

*In re ZTE (USA), Inc.*,
　　890 F.3d 1008 (Fed. Cir. 2018)..............................................................................................4

*Kranos IP Corp. v. Riddell, Inc.*,
　　No. 2:17-cv-443, 2017 U.S. Dist. LEXIS 138108 (E.D. Tex. Aug. 28, 2017)................5, 6

*Koss Corp. v. Bose Corp.*,
　　No. 6-20-CV-00661, 2021 U.S. Dist. LEXIS 122330 (W.D. Tex. Jun. 22, 2021)..........1, 9

*Personal Audio, LLC v. Google, Inc.*,
　　280 F. Supp. 3d 922 (E.D. Tex. Dec. 1, 2017) ....................................................................5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
　　581 U.S. 258 (2017)........................................................................................................1, 4, 5

***Rules***                                                                                                  ***Pages(s)***

FED. R. CIV. P. 12(b)(3) ...................................................................................................1, 6, 10

***Statutes***                                                                                                ***Pages(s)***

28 U.S.C. § 1400(b)............................................................................................... *passim*

## I.     INTRODUCTION

Plaintiff IngenioSpec, LLC should never have filed this case in Texas.

Defendant Bose Corporation is not incorporated in Texas and does not have any places of business in Texas. Accordingly, under 28 U.S.C. § 1400(b), which is the sole provision controlling venue in this patent infringement action, venue over Bose is improper in Texas.

Indeed, Judge Albright in the Western District of Texas dismissed another plaintiff's patent infringement lawsuit against Bose based on improper venue after determining that:

(1)     Bose does not reside in Texas;

(2)     Bose does not lease or own any real property in Texas;

(3)     Bose-branded interactive displays in third-party retailer stores are not "regular and established places of business;" and

(4)     Bose-branded interactive displays are not a "place of Bose."

*Koss Corp. v. Bose Corp.*, No. 6-20-CV-00661-ADA, 2021 U.S. Dist. LEXIS 122330, at *6-7 (W.D. Tex. Jun. 22, 2021). A copy of Judge Albright's decision is attached as Exhibit 1.

No material facts have changed since Judge Albright's decision. The same result should apply here. Bose respectfully submits that this should be dismissed for improper venue.[1]

## II.     STATEMENT OF ISSUE TO BE DECIDED

Whether this case should be dismissed pursuant to FED. R. CIV. P. 12(b)(3) due to improper venue in the Eastern District of Texas with respect to Bose under 28 U.S.C. § 1400(b) and in accordance with *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258 (2017) and *In re Cray*, 871 F.3d 1355 (Fed. Cir. 2017).

---

[1]     If Plaintiff does not voluntarily dismiss this action, Bose is prepared to file a Motion for Rule 11 sanctions due to Plaintiff's failure to properly investigate the venue allegations asserted in its Complaint.

### III.    FACTUAL BACKGROUND

#### A.    Bose.

Bose, founded in 1964 by Dr. Amar G. Bose and based in Framingham, Massachusetts, is a global leader in the research and development, manufacture, and sale of high-performance audio products, including home audio systems, speakers, noise cancelling and sports headphones, aviation and military headphones, and other products. *See* Exhibit 2, Declaration of Douglas Cunningham ("Cunningham Decl."), ¶ 2.

Bose is not incorporated in Texas; it is incorporated in Delaware. *Id.*, ¶ 3.

Bose does not own, rent, or lease any real estate, and has no offices, stores, factories, or facilities of any kind in the Eastern District of Texas. *Id.*, ¶ 4. Bose has no other place of business in the Eastern District of Texas. Bose's only connections to this District are its routine relationships with third-party retailers that sell Bose products across the country. *Id.*, ¶ 7. As discussed below, it is settled law that neither selling products to retailers that operate in a district create a "regular and established place of business" for purposes of the patent venue statute. Moreover, as noted above, Judge Albright already considered analogous facts and concluded that venue was improper over Bose in the Western District of Texas.

#### B.    Plaintiff's Complaint.

On October 7, 2024, Plaintiff filed its Complaint for Patent Infringement (Dkt. 1) accusing Bose of infringing four U.S. Patents.

In its Complaint, Plaintiff made the following allegations in Paragraph Thirteen: **"**On information and belief, Bose is a corporation organized under the laws of Massachusetts with its places of business at Stonebriar Centre, 2601 Preston Road, Frisco, Texas 75034 and 6121 West Park Boulevard, Space 121A, Plano, Texas 75093." Complaint, Dkt. 1 at ¶ 13.

These allegations are demonstrably false.

*First*, Bose is not a corporation organized under the laws of Massachusetts. Rather, Bose is incorporated in Delaware. Cunningham Decl., ¶ 3. Plaintiff *knows* from an earlier proceeding between the parties that Bose is incorporated in Delaware.[2]

*Second*, and most importantly for purposes of this motion, Bose does not have any "places of business at Stonebriar Centre, 2601 Preston Road, Frisco, Texas 75034 and 6121 West Park Boulevard, Space 121A, Plano, Texas 75093." In fact, Bose does not have any offices or retail locations in the state of Texas. Cunningham Decl., ¶ 4. The lease for the former Bose Store in Frisco expired on ***January 31, 2011***, and the former Bose Store in Plano closed on ***January 31, 2020***, following the expiration of Bose's lease at that location. *Id.*, at ¶ 6. This latter closure was in connection with Bose's decision to close all its retail locations in North America, Europe, Japan, and Australia, which was announced on January 15, 2020. *Id.*

If Plaintiff had conducted a simple Google search before filing the Complaint, it would have discovered, for example, that the former Plano store is listed as "Permanently closed":



---

[2]      In a proceeding before the International Trade Commission, No. 337-TA-1383, Plaintiff alleged that Bose was incorporated in Delaware, and Bose admitted to being incorporated in Delaware. *See* Exhibit 3 (excerpt of ITC complaint) and Exhibit 4 (excerpt of Bose's answer).

Further, a basic Internet search of Bose's store locations would have revealed that Bose

closed *all* its retail store locations in North America in 2020:

- https://www.cnn.com/2020/01/16/business/bose-retail-store-closures/index.html

  (published Jan. 16, 2020, attached as Exhibit 5)

- https://www.cnet.com/tech/home-entertainment/bose-is-closing-all-retail-locations-in-

  north-america-europe-australia-and-japan/ (published Jan. 15, 2020, attached as Exhibit 6)

- https://gizmodo.com/say-goodbye-to-every-bose-store-in-the-u-s-1841048731

  (published Jan. 16, 2020, attached as Exhibit 7)

## IV.    LEGAL STANDARDS

Because 28 U.S.C. § 1400(b) "is unique to patent law," it is governed by Federal Circuit

law rather than the law of the regional circuit. *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Under Federal Circuit law, Plaintiff bears the burden of establishing that venue is proper

upon motion by the Defendant challenging venue in a patent case. *See AptusTech LLC v. Trimfoot

Co., LLC*, No. 4:19-cv-00133-ALM, 2020 U.S. Dist. LEXIS 42712 (E.D. Tex. Mar. 12, 2020)

(citing *In re ZTE (USA), Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018)).

Under § 1400(b), which is the sole provision controlling venue in a patent infringement

action, venue is *only* proper in either (1) the defendant's state of incorporation, or (2) in a judicial

district where the defendant has committed acts of infringement and has a "regular and established

place of business." *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 265-

66 (2017).

For venue to be proper in a judicial district where the defendant is not incorporated, the

plaintiff must show: (1) that the defendant has a physical place in the judicial district; (2) that the

physical place is a regular and established place of business; and (3) that the physical place is a

place of the defendant. *See In re Cray*, 871 F.3d at 1360. "[V]enue is improper under § 1400(b)" if just one of these three requirements is missing. *Id.*

When determining whether to dismiss a complaint based on improper venue, district courts may look beyond the complaint to any affidavits or evidence submitted by a defendant in support of its motion to dismiss. *See Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-cv-443-JRG, 2017 U.S. Dist. LEXIS 138108, at *4 (E.D. Tex. Aug. 28, 2017) (citing *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)). Furthermore, it is well-established that under the law of this District, "venue is determined under § 1400(b) by the facts and situation as of the date suit is filed." *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. Dec. 1, 2017).

## V.    <u>THIS CASE MUST BE DISMISSED FOR IMPROPER VENUE</u>

Plaintiff filed a Complaint setting forth venue allegations that are demonstrably false. Because Bose neither resides in Texas nor has a "regular and established place of business" in the Eastern District of Texas, venue is improper, and this case must be dismissed.

### A.    Bose Does Not "Reside" in the Eastern District of Texas.

As to the first prong of § 1400(b), Bose is a corporation organized and existing under the laws of Delaware. "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 581 U.S. at 262. Therefore, since Bose is not incorporated in the State of Texas, Bose does not "reside" in Texas or in the Eastern District of Texas for purposes of venue. Consequently, the first prong of § 1400(b) is not satisfied.

### B.    Bose Does Not Have a "Regular and Established Place of Business" in the Eastern District of Texas.

As to the second prong of § 1400(b), Plaintiff can only establish proper venue by showing: (1) that Bose has a physical place in the District; (2) that the physical place is a "regular and established" place of business; ***and*** (3) that the physical place is a place "of defendant." *See In re*

*Cray*, 871 F.3d at 1360. If even *one* of these three requirements is missing, venue is improper under § 1400(b). *Id.* Plaintiff has not, and indeed cannot, meet its burden with respect to *any* of these elements under the second prong of § 1400(b).

### *(i)     The Complaint Relies on Stores that Closed Years Ago.*

Contrary to Plaintiff's allegations in its Complaint, Bose does *not* own or operate businesses located at Stonebriar Centre, 2601 Preston Road, Frisco, Texas 75034 or 6121 West Park Boulevard, Space 121A, Plano, Texas 75093. *See* Cunningham Decl., ¶ 6.

In fact, both of these locations closed **years** before Plaintiff filed its Complaint against Bose on October 7, 2024. *Id*. The Frisco store closed more than a decade ago and the Plano store closed nearly five years ago. *Id.* Bose closed all its retail store locations in North America in 2020. *Id.*

Plaintiff's allegations in the Complaint are demonstrably false and the Court need not accept these allegations as true. *See Kranos IP Corp.*, 2017 U.S. Dist. LEXIS 138108, at *5 (explaining that in the Rule 12(b)(3) context, "when a defendant submits affidavits or evidence controverting specific facts alleged in a plaintiff's complaint, a court is no longer required to accept those controverted facts as true").

Because Bose does not have any "regular and established" places of business in this District, Plaintiff cannot establish proper venue in this District.

### *(ii)    "Authorized sellers and sales representatives that offer and sell products . . . through the State of Texas" Are Not "Regular and Established" Places of Business or "Physical Places" of Bose.*

In the Complaint, Plaintiff also alleges that Bose has "authorized sellers and sales representatives that offer and sell products . . . through the State of Texas." *See* Complaint, Dkt. 1 ¶ 14. While this may be relevant for demonstrating personal jurisdiction, "the regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue

provision, 28 U.S.C. § 1391(c)." *In re Cray*, 871 F.3d at 1361-63 (holding that the physical locations in a district must also be "regular," "established," and "of the defendant").

Here, nothing in the Complaint establishes that Bose has a "regular and established" place of business or a place that is "of the defendant" in this District. Indeed, "[n]umerous courts have held that selling defendant's products through an independent distributor is not sufficient to satisfy the patent venue statute." *Inhale, Inc. v. Gravitron*, No. CV 18-3883 PSG (KSx), 2018 U.S. Dist. LEXIS 227069, at *9 (C.D. Cal. Sep. 5, 2018) (collecting cases). Courts in this District have also recognized this holding. *See AptusTech*, 2020 U.S. Dist. LEXIS 42712, at*12-13; *EMED Techs. Corp. v. Repro-Med Sys.*, No. 2:17-CV-728-WCB-RSP, 2018 U.S. Dist. LEXIS 93658, at *5-6 (E.D. Tex. June 4, 2018) (collecting cases).

Bose sells its products online through its website, https://www.bose.com. Bose products are also sold by independent retailers, including retailers having brick-and-mortar stores located in the Eastern District of Texas. Cunningham Decl., ¶ 7.

When retailers purchase wholesale products from Bose, they are wholly responsible for selling those products to their customers. *Id.*, ¶ 8. Bose does not control how, when, where, and whether retailers stock Bose products on their shelves, and Bose employees do not conduct sales, demonstrations, or prepare displays on behalf of Bose at any third-party retail locations, including the stores in the Eastern District of Texas. *Id.*

Bose endeavors to work with independent retailers to provide interactive displays to allow consumers to test Bose products for themselves, for instance, by trying on headphones and listening to music. *Id.*, ¶ 9. However, the third-party retailers work independently as the placement and stocking of Bose displays are up to the discretion of the third-party retailer, and Bose exercises no control over those retail locations. *Id.*

Bose does not set up or maintain those displays. *Id.*, ¶ 10. Typically, Bose will contract with a third-party vendor to install interactive displays in retail locations, although some retailers have their own vendors for this task. *Id.* Those third-party vendors are further responsible for repairing any malfunctions with the interactive displays or featured products. *Id.* Importantly, the role of those vendors is limited to installation and maintenance, and neither the third-party vendors nor Bose are responsible for determining the location of Bose displays, or for monitoring or restocking the shelves with Bose products. *Id.*

Following *In re Cray*, district courts have repeatedly held that a manufacturer's sale of its products through third-party retailers, and ordinary activities such as identifying on a web site those retail stores as locations where the manufacturer's products can be purchased, are insufficient to make the retail store a place of business "of" the manufacturer. *E.g.*, *AptusTech*, 2020 U.S. Dist. LEXIS 42712, at *12-13 (finding venue improper where defendant listed retail stores in the Eastern District of Texas on its web site); *Inhale*, 2018 U.S. Dist. LEXIS 227069, at *9 (finding venue improper where defendant's website listed independent distributors in district).

Bose sells its products to third-party retailers in this District without reserving any control over the products. Cunningham Decl., ¶¶ 7-8. Bose employees do not conduct business at these chains' retail stores. *Id.*

While Bose provides interactive displays for demonstration of Bose's products (*e.g.*, a music source that customers can use to test headphones), Bose has no control over how or when store shelves are stocked with its products. *Id.*, ¶¶ 9-10. The Federal Circuit and district courts have consistently held that, absent "control" over shelf space, shelves are not a "regular and established place of business," of the defendant. *In re Google*, 949 F.3d 1338, 1344 (Fed. Cir. 2020) (rented racks not a place "of the defendant" because defendant's employees did not conduct

business there); *AptusTech*, 2020 U.S. Dist. LEXIS 42712, at *12-13 (venue improper where manufacturer had "'very little' input about product placement or where or how to use displays that are provided").

Bose employees also do not service the displays. Typically, Bose contracts with a third-party vendor to set up the displays and to be available to service the displays if a retailer identifies a malfunction. In some cases, the retailer has its own third-party vendor perform such service. Cunningham Decl., ¶ 10. Installation and service of displays—whether conducted by a manufacturer or a third party—is legally insufficient to establish venue. *In re Google*, 949 F.3d at 1346 ("The installation activity does not constitute the conduct of a 'regular and established' business, since it is a one-time event for each server … [and ] maintenance activities cannot, standing alone, be considered the conduct of Google's business.").

Critically, Judge Albright has already addressed these *same* issues in the Western District of Texas. Specifically, Judge Albright dismissed a plaintiff's patent infringement lawsuit against Bose based on improper venue after determining that Bose-branded interactive displays in third-party retailers are not "regular and established places of business" and are not a "places of Bose." *See Koss Corp. v. Bose Corp.*, No. 6-20-CV-00661-ADA, 2021 U.S. Dist. LEXIS 122330, at *6-7 (W.D. Tex. June 22, 2021).

No material facts have changed since Judge Albright's decision. Plaintiff has not and cannot establish proper venue in this District. Plaintiff should never have filed this case in Texas. This case should be dismissed for lack of venue under 28 U.S.C. § 1400(b).

## VI.    **CONCLUSION**

For the foregoing reasons, Bose's Motion to Dismiss for Improper Venue under Federal

Rule 12(b)(3) should be granted and this case should be dismissed.


Dated: November 27, 2024                    Respectfully Submitted,

                                            */s/ Jeremy P. Oczek*
                                            Jeremy P. Oczek
                                            NY Bar No. 4425930/ MA Bar No. 647509
                                            (Admitted to the Eastern District of Texas)
                                            BOND, SCHOENECK & KING, PLLC
                                            200 Delaware Avenue, Suite 900
                                            Buffalo, NY 14202-2107
                                            Telephone: (716) 416-7037
                                            Facsimile: (716) 416-7001
                                            Email: jpoczek@bsk.com

                                            COUNSEL FOR DEFENDANT
                                            BOSE CORPORATION

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 27, 2024, a copy of the foregoing DEFENDANT BOSE CORPORATION'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER FEDERAL RULE 12(b)(3) was served via the Court's ECF system on the following counsel of record for Plaintiff:

Marc A. Fenster     mfenster@raklaw.com
Benjamin T. Wang     bwang@raklaw.com
Shani Williams     swilliams@raklaw.com
Daniel Kolko     dkolko@raklaw.com
Matthew D. Aichele     maichele@raklaw.com

*/s/ Jeremy P. Oczek*
Jeremy P. Oczek